RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  12/12/11
BY 6H

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| SHERWIN JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD WHITE, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br>6:10CV1068 (LEAD)<br>6:10CV1170 (MEMBER)<br><br>JUDGE HAIK<br>MAGISTRATE JUDGE HILL |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on December 12, 2011, pursuant to the Order Preliminarily Approving Class Settlement dated July 6, 2011 (the "Preliminary Approval Order"), on application for approval of the proposed settlement (the "Settlement") set forth in the Stipulation of Settlement dated June 30, 2011 (the "Stipulation").

Pursuant to the Preliminary Approval Order, Notice was given to the Settlement Class. The Notice advised Settlement Class Members of the opportunity to object to the proposed Settlement.

Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having read and fully considered all papers filed and proceedings had herein, including the Stipulation and all submissions (which may include submissions not specifically described above), as well as all objections written and oral, and otherwise being fully informed in the premises, and good cause appearing therefor, the Court finds the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. <u>Incorporation of Definitions.</u> This Order and Final Judgment (the "Order and Final Judgment") incorporates by reference the <u>definitions in the Stipulation</u>, and all capitalized terms used herein shall have the same meanings as set forth therein. The Court, for purposes of this Order and Final Judgment, also expressly adopts the following defined terms:

    (a) "Person" means: (i) an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity; (ii) his, her or its spouses, heirs, predecessors, successors, representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote; and (iii) any person or entity acting for or on behalf of, or claiming under any of them, and each of them.

    (b) "Plaintiffs' Counsel" means Co-Lead Counsel and Co-Liaison Counsel.

    (c) "Released Claims" means all claims, demands, rights, liabilities, allegations or causes of action of every nature and description, whether known or unknown, accrued or unaccrued, foreseen or unforeseen, matured or not matured, suspected or unsuspected, that were asserted or could have been asserted in the Consolidated Action or in any forum directly, derivatively, or in any other capacity against the Released Parties (including, but not limited to, all claims under the Securities Exchange Act of 1934, the Securities Act of 1933, or any other federal, state or local statute or common law, or the law of any other jurisdiction, whether

domestic or foreign) arising out of or relating in any way to the Merger, including without limitation any claims arising out of, or relating to, in whole or in part, (i) the claims or facts and circumstances asserted or that could have been asserted in the Consolidated Action; (ii) the claims or facts and circumstances asserted or that could have been asserted in the State Actions; and (iii) any claims arising out of or relating to the proxy statements, supplemental proxy statements, financial statements, press releases, public filings, or other public disclosures made or issued by the Released Parties concerning the Merger. The Released Claims do not include claims for statutory appraisal rights, if any, in connection with the Merger by OMNI shareholders who properly perfect and do not otherwise waive such appraisal rights.

(d)  "Released Parties" means Defendants and each of their present or former parents, subsidiaries, affiliates, successors and assigns, and each of their present or former officers, directors, employees, members, principals, agents, attorneys, accountants, advisors, consultants, fiduciaries, auditors, commercial bank lenders, insurers, investment bankers, representatives, and general and limited partners and partnerships, and the heirs, estates, executors, administrators, trusts, trustees, successors and assigns of each of them.

(e)  "Releasing Parties" means: the Lead Plaintiffs and any and all members of the Settlement Class and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each of their present or

3

      former officers, directors, employees, members, principals, agents, attorneys, accountants, advisors, consultants, fiduciaries, auditors, commercial bank lenders, insurers, investment bankers, representatives, and general and limited partners and partnerships, and the heirs, estates, executors, administrators, trusts, trustees, successors and assigns of each of them.

(f)   "Settlement Class" means all Persons who were the record or beneficial holders of the common stock of OMNI at any time during the period beginning on and including the close of business on June 4, 2010, through and including October 27, 2010, excluding Defendants, their immediate families, legal representatives, heirs, successors and assigns, any entity in which the Defendants have or had a controlling interest, and any person, firm, trust, corporation, or other entity who is an affiliate of any of the Defendants as the term "affiliate" is defined in the Securities Exchange Act of 1934, as amended, and SEC Rule 12b-2 promulgated thereunder).

(g)   "Settlement Class Member" means any person who falls within the definition of the Settlement Class as set forth in the preceding paragraph.

(h)   "Unknown Claims" means any Released Claims that the Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it, might have affected his, her or, its settlement with and release of the Released Parties, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all

Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent in whole or in part to California Civil Code § 1542. The Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims, but the Lead Plaintiffs shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly acknowledged that this Stipulation was entered into with full knowledge of the possible subsequent discovery of such facts and have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected,

contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

2. <u>Jurisdiction.</u> The Court has personal jurisdiction over all Settlement Class Members and has subject matter jurisdiction over this Consolidated Action, including, without limitation, jurisdiction to (a) approve the Stipulation; (b) grant final certification of the Settlement Class; (c) dismiss the Consolidated Action with prejudice; and (d) interpret, effectuate, and implement the Stipulation.

3. <u>Final Settlement Class Certification.</u> With respect to the Settlement Class, and upon the stipulation of the Parties for the sole purpose of the Settlement, this Court finds the Settlement Class satisfies the requisites of Fed. R. Civ. P. 23(a) and (b)(2) for the reasons set forth below:

(a) The members of the Settlement Class are so numerous that joinder is impracticable. As of June 1, 2010, there were approximately 25.5 million shares of OMNI common stock outstanding.

(b) There are questions of law and fact common to the Settlement Class including, but not limited to: (i) whether the members of OMNI's Board breached their fiduciary duties owed by them to Lead Plaintiffs and the other members of the Settlement Class as alleged by Plaintiffs; (ii) whether the Board pursued a course of conduct that did not maximize OMNI's value in violation of their fiduciary duties as alleged by Plaintiffs; (iii) whether the Board misrepresented and omitted material facts in violation of federal securities laws and/or the fiduciary duties owed to Lead Plaintiffs and the other members of the Settlement Class as alleged by Plaintiffs; (iv) whether OMNI and the Wellspring Entities aided and abetted the Board's alleged breaches of fiduciary duty as alleged by Plaintiffs; and (v) whether the Settlement Class is entitled to injunctive relief or damages as alleged by Plaintiffs as a result of Defendants' alleged wrongful conduct.

(c) The claims of the Lead Plaintiffs are typical of the claims of the other members of the Settlement Class in that they all arise from the same allegedly unlawful course of conduct and are based on the same legal theories. Lead Plaintiffs claim that they were damaged by the same alleged misrepresentations and omissions that affected the other Settlement Class members and by the same alleged course of conduct. Thus, Lead Plaintiffs would invoke the same legal theories to establish liability and damages that all other members of the Settlement Class would if they sued separately.

(d) Lead Plaintiffs share the interests of the other members of the Settlement Class in remedying the alleged breaches of fiduciary duty identified above. Lead Plaintiffs have also retained experienced and well-qualified counsel to conduct this litigation. Because Lead Plaintiffs do not have interests that are antagonistic to the other members of the Settlement Class

and have retained qualified experienced counsel, Lead Plaintiffs are fair and adequate representatives of the Settlement Class.

    (e)    Defendants have allegedly acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or declaratory relief with respect to the whole Settlement Class.

Accordingly, the Settlement Class is hereby finally certified and consists of: all Persons who were the record or beneficial holders of the common stock of OMNI at any time during the period beginning on and including the close of business on June 4, 2010, through and including October 27, 2010, excluding Defendants, their immediate families, legal representatives, heirs, successors and assigns, any entity in which the Defendants have or had a controlling interest, and any person, firm, trust, corporation, or other entity who is an affiliate of any of the Defendants as the term "affiliate" is defined in the Securities Exchange Act of 1934, as amended, and SEC Rule 12b-2 promulgated thereunder).

4.    <u>Notice.</u> The Court finds that the distribution of the Notice, the publication of the Summary Notice, and the notice methodology were properly implemented in accordance with the terms of the Stipulation and the Preliminary Approval Order. The Court further finds that the Notice and the Summary Notice were simply written and readily understandable and that the Notice and Summary Notice: (a) constitute the best practicable notice; (b) constitute notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the Settlement and their right to object to the Settlement and to appear at the Final Approval Hearing; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to notice; and (d) meet all applicable requirements of the Federal Rules of Procedure, the

Private Securities Litigation Reform Act of 1995, any other applicable law and due process requirements.

5. **Final Settlement Approval.** The terms and provisions of the Settlement as embodied by the parties' Stipulation have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Procedure, the Private Securities Litigation Reform Act of 1995, and any other applicable law or due process requirements. The parties to the Stipulation are hereby directed to comply with the terms of the Settlement and this Order.

6. **Release by the Settlement Class.**

(a) Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged: (i) all Released Claims against the Released Parties; and (ii) against each and all of the Released Parties, all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Consolidated Action or the Released Claims.

(b) Upon the Effective Date, the Releasing Parties shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against the Released Parties, in any state or federal court or arbitral or other forum, or in the court of any other jurisdiction, whether domestic or foreign, of any and all Released Claims, and any and all claims (including Unknown Claims) arising out of,

relating to, or in connection with, the defense, settlement, or resolution of the Consolidated Action or the Released Claims.

(c) Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Lead Plaintiffs, Plaintiffs' Counsel and the Settlement Class from all claims arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Consolidated Action or the Released Claims.

7. <u>Retention of Jurisdiction.</u> Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over implementation and enforcement of the Settlement and the Stipulation and all parties hereto for the purpose of implementing and enforcing the Settlement and the Stipulation.

8. <u>Dismissal of Action.</u> The Consolidated Action and all claims contained herein, including all individual and Settlement Class claims, is hereby dismissed with prejudice on the merits, without attorneys' fees, costs and expenses of litigation except as set forth herein or in the Stipulation.

9. <u>Fee Award.</u> The sum of $375,000 is hereby awarded to Plaintiffs' Counsel as attorneys' fees, costs, and expenses of this litigation.

10. <u>No Admissions.</u> Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor this Order and Final Judgment: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the

Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be or may be used as an admission that Plaintiffs, Plaintiffs' Counsel, or any member of the Settlement Class has or has not suffered any damage as a result of the facts described in the Consolidated Action, or as to the merit or lack of merit of any claim asserted or any that could have been asserted in the Consolidated Action. The Released Parties may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. <u>Fed. R. Civ. P. 11.</u> The Court finds that during the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

12. <u>Non-Consummation of Settlement.</u> In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or is not consummated for any reason, or the Stipulation terminates according to its provisions, then this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, except that any modifications, reversal, or vacation of any award of attorneys' fees and expenses to Plaintiffs' Counsel shall in no way disturb or affect any other part of this Order and Final Judgment.

The Clerk is directed to enter this Order and Final Judgment forthwith as the final order and judgment of the Court.

SO ORDERED this 12th day of November, 2011.

Hon. Richard T. Haik
United States District Judge